SHORTESS, Judge.
Plaintiff, Jerry Stuckey, filed this personal injury suit to recover damages resulting from an accident which occurred when a Datsun forklift struck him from behind and crushed both legs. Defendant, Nissan Industrial Equipment Company,[1] is the importer and distributor of Datsun forklifts. After a jury trial, judgment was rendered in favor of defendant.
The accident occurred on March 14, 1979. Plaintiff was employed by Alpha Valve Company, a wellhead service company. He was assigned to load some equipment onto a Bell Machine Company truck. Frank *800 Strange, Bell’s driver, was directed by plaintiff to a parking location, and plaintiff, using the forklift, began to load the truck. After some equipment was placed in the truck, plaintiff saw that Strange was having difficulty arranging the cargo. He got off the forklift and walked to the back of the truck to assist Strange. Unfortunately, the forklift struck plaintiff, crushing his legs between the truck and the forklift. Strange got off his truck, backed the forklift off of plaintiff, parked it in a shed, turned the motor off, engaged the brake, and went for help. Plaintiff collapsed and was taken to Schumpert Medical Center. He suffered extensive injuries to both legs.
A serious factual dispute exists in this case. Plaintiff and Strange are the only witnesses. Their versions differ significantly. Plaintiff testified that he placed the forklift completely inside the warehouse before getting down to help Strange because it was “misting rain,” and he did not want to get the seat wet. The warehouse floor is level concrete, but a downgrade concrete incline exists outside the building. Plaintiff said that he left the engine running, but he engaged the emergency brake and put the transmission in neutral before he got down. Plaintiff had operated the forklift for approximately one year and felt that he knew how to do so, but he had problems in the past finding neutral. He testified that he left the engine idling because he had trouble placing the forklift in neutral to start it. He felt that the machine jumped into gear because when he was pinned it kept surging and pushing against him.
Strange testified that when the accident occurred, he was in the back of his truck arranging his load so nothing would fall out; that plaintiff left at least the front wheels of the forklift on an incline;[2] that he did not see the approaching forklift again until it struck plaintiff; that only a couple of seconds elapsed after he saw plaintiff at the back of his truck and felt the jar of the forklift; that he only sensed one bump against the truck; that he jumped off the truck, got on the forklift, and proceeded to move it off of plaintiff; that its engine was running in neutral; that its brake was not engaged; that its forks were raised; and that the weather was sunny and clear.
The evidence also revealed that an operator should take the following precautions before leaving a forklift: (1) lower the forks to the ground, (2) set the hand brake, and (3) turn the engine off. These instructions are specified in the operator’s manual. The deposition of Bobby Mabry,[3] defendant’s field service manager, revealed that this model forklift has a control mechanism that keeps it from jumping into gear. Ma-bry stated that he had never received any complaints about this type forklift jumping into gear from neutral. Mabry further testified that a forklift left on level ground would probably not roll even if the engine was running; however, if left on an incline, it would tend to roll, and its weight would increase its velocity as it rolled.
As stated earlier, this controversy involves a factual dispute between plaintiff and Strange. Plaintiff’s version was that he left the forklift on the level concrete inside the warehouse and that he applied the brake. Plaintiff assumed that the transmission somehow jumped from neutral to forward which caused the forklift to roll out of the warehouse and down the ramp and strike him. Strange, on the other hand, contended that when plaintiff got off the forklift, it was on the incline; furthermore, he was sure that the engine was in neutral and that the brake was not engaged when he backed the forklift off of plaintiff.
The jury returned a verdict in favor of defendant. We must affirm its decision on the facts unless it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Obviously, the jury accepted Strange’s version, i.e., that plaintiff left the forklift in neutral on an incline without *801 engaging the brake. The record contains ample evidence to support that verdict.
Plaintiffs primary specification of error was that the trial court erred in reading a charge on contributory negligence as a defense to strict products liability to the jury. Plaintiff’s theory of the case was that the forklift was defective; otherwise, it would not have rolled out of the warehouse. The case was given to the jury with a general verdict form. The verdict returned said, in part:
(1) We, the jury in the above captioned matter, find in favor of defendant, NISSAN INDUSTRIAL EQUIPMENT COMPANY. _X_ YES _ NO
When a general verdict is used, it is presumed that the jury resolved all factual disputes in favor of the prevailing party. Steinbach v. Barfield, 428 So.2d 915 (La.App. 1st Cir.1983), writ denied, 435 So.2d 431 (La.1983); Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982). Among the factual disputes decided against the plaintiff were findings that there were no defects and no fault on the part of the defendant.
For all these reasons, the judgment of the trial court is correct, and it is affirmed at plaintiff’s costs.
AFFIRMED.

. Nissan Motor Corporation in U.S.A. was named as a defendant in the original petition. Plaintiff amended his petition to add Nissan Industrial Equipment Corporation as a party defendant. Defendant’s correct name is Nissan Industrial Equipment Company. Additional defendants included: Nissan’s liability insurer; AF Enterprises, Inc.; AF Enterprises, Inc.’s liability insurer; Mr. Maintenance Repairer; President Billy Farrar; General Manager Warren Goins; Supervisor Eric Henkel; Mr. Pick Up Driver; Bell Machine Company, Inc.; Commercial Union Insurance Company; The Insurer of The Datsun Forklift; and The Travelers Insurance Company.
Defendants Billy Farrar, Warren Goins, Eric Henkel and The Travelers Insurance Company were dismissed from the suit on exceptions of no cause of action. Bell Machine Company and Frank Strange, the pickup driver for Bell Machine Company, were released on a motion for summary judgment. Nissan Motor Corporation in U.S.A. was dismissed on a motion for summary judgment.
Travelers Insurance Company intervened seeking reimbursement out of the proceeds of any judgment for workers’ compensation benefits paid to plaintiff.
Nissan Industrial Equipment Company filed a declinatory exception of insufficiency of citation and of service of process. After proper service of process, Nissan Industrial Equipment Company filed a peremptory exception of prescription. The trial judge overruled this exception. The only remaining defendant is Nissan Industrial Equipment Company.

. This version is the most charitable to plaintiff. After cross examination was completed, Strange had committed himself to seeing the forklift parked on the incline. He saw plaintiff get off the forklift when it was so parked.

. This deposition was read to the jury.